# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40399
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HECTOR CERVANTES-SANCHEZ, also known as Rojo,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:14-CR-1751-1

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Hector Cervantes-Sanchez, federal prisoner # 09687-085, pleaded guilty to conspiring to possess, with the intent to distribute, marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. He challenges his below-Guidelines sentence of 146 months' imprisonment, claiming the court: erred in calculating his base-offense level, engaged in inappropriate fact-finding

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

regarding the drug quantity, and committed other procedural errors in imposing his sentence.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

First, Cervantes asserts the court erred in calculating the drug quantity used to determine his offense level under Guideline § 2D1.1(c)(1) because it included drugs that were not alleged in his indictment, and counted as relevant conduct drug shipments he referenced in unverified statements to a confidential source. He contends the court's determination that his offense involved 174,176.00 kilograms of marijuana, which was primarily based on those statements, was speculative.

The presentence investigation report's (PSR) factual recitation was based on investigative material and interviews with an agent from the Drug Enforcement Administration. It had sufficient indicia of reliability. Although Cervantes objected at sentencing to the drug-quantity calculation, he presented no testimony or other rebuttal evidence to show the information contained in the PSR was materially untrue, inaccurate, or unreliable. Accordingly, the court was free to adopt the PSR's findings without further inquiry or explanation. *E.g.*, *United States v. Gomez-Alvarez*, 781 F.3d 787,

No. 17-40399

796 (5th Cir. 2015). Moreover, the court did not clearly err in determining that the shipments referenced by Cervantes constituted relevant conduct, or in relying on Cervantes' statements to make a reasonable estimate of the quantity of drugs involved in the offense. *See* U.S.S.G. §§ 1B1.3(a), 2D1.1(c)(1), 2D1.1 cmt. n.5.

Next, Cervantes contends he was sentenced in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because, although he was charged with, and convicted of, a drug offense involving 100 kilograms or more of marijuana, judicially-found facts regarding drug quantity caused him to be held accountable for a much higher drug quantity for purposes of calculating his advisory Guidelines sentencing range. Because Cervantes raises this point for the first time on appeal, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Under the plain-error standard, Cervantes must show a forfeited plain error (a clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Under *Apprendi* and its progeny, any fact that increases the statutory minimum or "increases a potential criminal penalty beyond the [statutory] maximum" sentence must be alleged in the indictment and either admitted by defendant or found by a jury beyond a reasonable doubt. *United States v. Hinjosa*, 749 F.3d 407, 412 (5th Cir. 2014); *e.g.*, *Alleyne v. United States*, 570 U.S. 99, 107–08 (2013); *United States v. Booker*, 543 U.S. 220, 232, 245 (2005). However, nothing in those decisions states that the fact-finding on relevant conduct, to the extent it increases the advisory sentencing range under the

No. 17-40399

Guidelines, must be made by jurors. *Hinojosa*, 749 F.3d at 412–13. Moreover, Cervantes' 146-month sentence was within the statutory minimum and maximum penalty range for the conduct admitted in the guilty plea. Accordingly, Cervantes has not shown that the court committed the requisite clear or obvious error. *See Puckett*, 556 U.S. at 135.

Also for the first time on appeal, Cervantes claims the court procedurally erred at sentencing by failing to: (1) identify the applicable Guideline offense level and sentencing range; (2) address on the record what, if any, departure it would take with respect to his sentence; (3) address the 18 U.S.C. § 3553(a) sentencing factors; and (4) formally pronounce his sentence. The sentencing transcript belies these contentions. In short, once again, Cervantes has not shown the court committed the requisite clear or obvious error. *See id.*

AFFIRMED.